UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **Corrie Royston**, <br><br> Plaintiff, <br><br> v. <br><br> **INDIANAPOLIS PUBLIC SCHOOLS**, **Brett Kraftson** (in his individual and official capacity), and **CAREERSTAFF UNLIMITED, LLC**, <br><br> Defendants. | Cause No. 1:22-cv-00814 |

## COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

Ms. Royston is suing INDIANAPOLIS PUBLIC SCHOOLS, Brett Kraftson, and CAREERSTAFF UNLIMITED LLC for race and sex discrimination, and retaliation, in violation of TITLE VII of the CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 1981 and the EQUAL PROTECTION CLAUSE of the 14TH AMENDMENT (42 U.S.C. § 1983), and tortious interference and defamation in violation of Indiana law. This lawsuit is filed in the Southern District of Indiana because a substantial part of the events or omissions giving rise to the claims occurred in the District. Ms. Royston seeks all available legal and equitable relief and respectfully requests a trial by jury.

Respectfully submitted,

*/s/ Benjamin C. Ellis*
Benjamin C. Ellis
HKM EMPLOYMENT ATTORNEYS LLP
320 N. Meridian St., Ste. 615
Indianapolis, IN 46204
P/F     |   (317) 824-9747
Email  |   bellis@hkm.com

1. **INTRODUCTION**

Corrie Royston was a School Psychologist for IPS from August 2018 through December 2020, working as a contractor through CAREERSTAFF. Upon learning that Ms. Royston was also working as a contractor for PILOTED SCHOOLS (through KALEIDOSCOPE EDUCATION SOLUTIONS), Brett Kraftson (Special Education Director) caused IPS and CAREERSTAFF to terminate her employment; in doing so, he falsely accused her (without any evidence) of time theft. Meanwhile, Kraftson (and IPS and CAREERSTAFF) allowed white male School Psychologists, such as Ethan Obernaur, to work simultaneously for IPS and other employers.

Ms. Royston now seeks all available relief for IPS, Kraftson, and CAREERSTAFF's violations of TITLE VII, SECTION 1981 and the EQUAL PROTECTION CLAUSE and for IPS and Kraftson's tortious interference and defamation in violation of Indiana law.

## 2. JURISDICTION & VENUE

1. This Court has original jurisdiction, under 28 U.S.C. § 1331, over Ms. Royston's claims for violations of TITLE VII, SECTION 1981 and the EQUAL PROTECTION CLAUSE because those claims arise under the Constitution and laws of the United States.

2. This Court further has supplemental jurisdiction, under 28 U.S.C. § 1367, over Ms. Royston's tortious interference and defamation claim because it is so related to federal claims as to form the same case or controversy.

3. This Court is a proper venue for this lawsuit, under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Indiana.

## 3. PARTIES

### 3.1. Plaintiff

4. Plaintiff Corrie Royston resides in Marion County, Indiana.

### 3.2. Defendants

5. Defendant INDIANAPOLIS PUBLIC SCHOOLS was, at all relevant times, a school corporation under Indiana law.

6. Defendant Brett Kraftson resides in Marion County, Indiana. At all relevant times, Kraftson served as Special Education Director for IPS.

7. Defendant CAREERSTAFF UNLIMITED, LLC was, at all relevant times, a Delaware limited liability company (Business ID No. 1998122065) with its principal place of business being Chester County, Pennsylvania.

4. **STATEMENT OF FACTS**

8. Ms. Royston worked as a School Psychologist for IPS from August 2018 through December 28, 2020.

9. Ms. Royston first worked through staffing agency IEP THERAPY, and then through CAREERSTAFF beginning in October 2019.

10. As School Psychologist, Ms. Royston had several types of duties, including conducting student assessments, meeting with various stakeholders, and preparing reports of her findings and conclusions.

11. Some duties, including student assessments, were typically conducted during regular business hours.

12. Other duties, including the preparation of reports, could be performed any time, including at night and over weekends.

13. Ms. Royston was so well-regarded by IPS administrators that several specifically requested she remain assigned to their schools from one year to the next.

14. Ms. Royston's high performance is also reflected in her heavy workload, which she was able to successfully manage.

15. Ms. Royston was responsible for 1,700 students in 2019, and 1,200 students in 2020.

16. The average student to psychologist ration nationally is much lower, at roughly 500:1.

17. As a result of this heavy workload, Ms. Royston often worked for more than 37.5 hours for IPS – the time for which she was paid each week.

18. While working for IPS, Ms. Royston also worked as a contract employee for PILOTED SCHOOLS in 2020, through the staffing agency KALEIDOSCOPE EDUCATION SOLUTIONS.

19. Ms. Royston worked approximately eight hours per week for PILOTED.

20. On or about December 18, 2020, Kraftson learned that Ms. Royston was working for PILOTED as well as IPS.

21. Upon his request, PILOTED confirmed Ms. Royston worked approximately eight hours per week, but was unable to provide Kraftson with Ms. Royston's timesheets, as they were the property of KALEIDOSCOPE.

22. Kraftson requested then Ms. Royston's timesheets from KALEIDOSCOPE.

23. KALEIDOSCOPE refused Kraftson's request for Ms. Royston's timesheets.

24. Kraftson then requested Ms. Royston obtain her timesheets from Kaleidoscope.

25. Ms. Royston was unable to do so but offered to provide Kraftson with documentation relating to the work she performed for IPS for Kraftson to verify the hours she worked.

26. Kraftson rejected Ms. Royston's offer.

27. Kraftson then terminated Ms. Royston on the grounds that she did not provide him with her KALEIDOSCOPE timesheets and alleged that had stolen time from IPS.

28. Ms. Royston did not steal time from IPS – her timesheets never overstated the time she worked on behalf of IPS.

29. Kraftson was not able to identify any evidence that Ms. Royston had stolen time.

30. IPS's contract with Ms. Royston was not exclusive and did not specify that Ms. Royston's work was to be completed during regular business hours.

31. Upon information and belief, following Ms. Royston's termination, Kraftson contacted CAREERSTAFF and accused Ms. Royston of time theft.

32. Since Kraftson accused her of time theft, CAREERSTAFF has not offered her any additional work assignments.

33. Although Kraftson terminated Ms. Royston's employment without any evidence of time theft, he has permitted Ethan Obernaur (white male) to continue working under a similar arrangement.

34. In addition to his work for IPS, Mr. Obernaur performs contract work through THE HOPE SOURCE.

35. Kraftson has also caused IPS to hire more than twice as many white School Psychologists as people of color.

36. Finally, upon information and belief, IPS is aware that Kraftson has a history of race or sex discrimination.

5. **STATEMENT OF CLAIMS**

### 5.1. Race discrimination in violation of Title VII (IPS)

37. IPS terminated Ms. Royston's employment because of her race (Black).

38. If Ms. Royston were not Black, IPS would not have terminated her employment.

39. Ms. Royston was harmed by IPS's race discrimination.

### 5.2. Race discrimination in violation of 42 U.S.C. § 1981 (IPS and Kraftson)

40. Kraftson and IPS terminated Ms. Royston's employment because of her race (Black).

41. If Ms. Royston were not Black, Kraftson and IPS would not have terminated her employment.

42. Ms. Royston was harmed by IPS and Kraftson's race discrimination.

### 5.3. Race discrimination in violation of the Equal Protection Clause of the 14th Amendment [42 U.S.C. § 1983] (IPS and Kraftson).

43. Kraftson and IPS terminated Ms. Royston's employment because of her race (Black).

44. This decision is an official policy of IPS because Kraftson was its final policymaker for School Psychologist termination decisions.

45. If Ms. Royston were not Black, but everything else were the same, Kraftson and IPS would not have terminated her employment.

46. Ms. Royston was harmed by IPS and Kraftson's violation of her rights under the EQUAL PROTECTION CLAUSE of the 14TH AMENDMENT.

### 5.4. Sex discrimination in violation of Title VII (IPS)

47. IPS terminated Ms. Royston's employment because of her sex.

48. If Ms. Royston were not a woman, IPS would not have terminated her employment.

49. Ms. Royston was harmed by IPS's sex discrimination.

### 5.5. Retaliation in violation of Title VII (CareerStaff).

50. CAREERSTAFF failed to offer any additional job assignments to Ms. Royston since she filed a *Charge of Discrimination* against it, alleging race, color and sex discrimination.

51. If Ms. Royston had not filed her *Charge of Discrimination*, CAREERSTAFF would have offered her additional job assignments.

8

52. Ms. Royston was harmed by CAREERSTAFF's retaliation.

### 5.6. Retaliation in violation of 42 U.S.C. § 1981 (CareerStaff).

53. CAREERSTAFF failed to offer any additional job assignments to Ms. Royston since she filed a *Charge of Discrimination* against it, alleging race discrimination.

54. If Ms. Royston had not filed her *Charge of Discrimination*, CAREERSTAFF would have offered her additional job assignments.

55. Ms. Royston was harmed by CAREERSTAFF's retaliation.

### 5.7. Tortious Interference (IPS and Kraftson)

56. Ms. Royston had a valid business relationship with CAREERSTAFF.

57. IPS and Kraftson knew of Ms. Royston's relationship with CAREERSTAFF.

58. IPS and Kraftson intentionally interfered with Ms. Royston's relationship with CAREERSTAFF.

59. IPS and Kraftson did not have any justification for interfering with Ms. Royston's relationship with CAREERSTAFF.

60. Ms. Royston's was harmed by IPS and Kraftson's interference with her relationship with CAREERSTAFF.

**5.8. Defamation (IPS and Kraftson)**

61. Kraftson made the following communication: Ms. Royston committed time theft.

62. The communication was about Ms. Royston.

63. The communication is of a kind that tends to lower a person's reputation in the community or to discourage others from dealing or associating with the person.

64. The communication was heard by someone other than Ms. Royston, including CAREERSTAFF.

65. Kraftson knew the communication to be false or, believing it to be true, failed to use reasonable care to determine its truth.

66. Kraftson was acting with the scope of his employment with IPS when he defamed Ms. Royston

67. Ms. Royston was harmed by Kraftson's defamation.

## 6. PRAYER FOR RELIEF

Ms. Royston respectfully requests that judgment be entered in her favor, and against INDIANA PUBLIC SCHOOLS, Brett Kraftson, and CAREERSTAFF UNLIMITED, LLC, for their violations of TITLE VII, SECTION 1981 and the EQUAL PROTECTION CLAUSE of the 14TH AMENDMENT (42 U.S.C. § 1983), and tortious interference and defamation in violation of Indiana law.

Ms. Royston requests all available relief on her claim, including the following:

    a. Back pay and front pay;

    b. Reputational damages;

    c. Compensatory and punitive damages;

    d. Reinstatement

    e. Attorney fees and costs; and

    f. Pre-judgment and post-judgment interest.

## 7. JURY DEMAND

As required by Fed. R. Civ. P. 38(b), Ms. Royston respectfully requests a trial by jury on all issues so triable.